CHARLES J. SCHUCK, Judge.
The claimant company, on or about the latter part of February 1940, entered into a contract with the state road commission for the improving and building of a certain public road in Lewis county, West Virginia, extending from the city of Weston to Deanville, and known as project No. f. a. 220-b (1). The contract provided that the work should be completed and the improvement finished within 175 working days, and involved certain rights of way then held and owned by the Baltimore *169 and Ohio Railroad Company, and used by the said company for its road bed and tracks in that particular locality. It was necessary in carrying out the work, as contemplated by the contract, to have the said railroad company remove its tracks to a new or adjacent location, which new rights of way for the railroad company were to be obtained by the state road commission by purchase or condemnation from the owner or owners thereof; and which said new rights of way were necessarily to be obtained in ample time and thus not interfere with the work of the road improvement. It was necessary to have the railroad company’s tracks removed in order that the road improvement could be carried on as contemplated by the contract with the claimant company. From the evidence it appears that the contract between the railroad company and the state road commission had been executed on or about December 1935, and that later, in 1939, condemnation proceedings were instituted to obtain title to the several tracts involved. Within a few weeks after the contract for the road improvement had been executed and bond given by the claimant company, as required, the claimant proceeded with the work, rented space and ground for the storage of its grading and paving equipment, and seemingly did all things necessary to carry out its part of the contract. The work proceeded until about the 23rd day of July 1940, when, by reason of the fact that there were some difficulties between the said railroad company and the state road commission in obtaining title to the tracts of land involved, it became necessary to stop and halt the work until such time as the tracks of the railroad company could be moved to their desired location. With the contract between the railroad company and the state, the claimant, of course, had nothing to do, was not a party to the same, and could not in any way be held accountable for the delay occasioned by the failure to have the said contract executed and the tracks removed to the new location. In consequence of this situation, the claimant was obliged to remain idle on the work for a period of nearly a month, to be exact, from July 23 to August 20, of the year 1940; naturally, a month of the best and most profitable working days of the season. During this delay the claimant kept considerable of *170 its equipment on the ground and location, and now is asking damages occasioned by 1he delay during Ihe time it was unable to do any work and could not remove any of its equipment lo any other work or job, since, as the testimony shows, there was a possibility that, daily, work would be resumed when the contract in question between the state and the railroad company was executed. The evidence shows that the claimant was carrying on another road project at and near Clarksburg', West Virginia, and some twenty-five or thirty miles from (he work or project herein concerned, and that, eventually part, of the equipment was moved from the Lewis county project to Ihe Clarksburg project. Claimant also maintains that it is entitled to damages by reason of the fact that it was unable to contract for any other job or project during the time of the delay, since, as herein set forth, work might be resumed at any day, and, consequently would prevent the claimant from carrying out. any other work or project. The evidence does not disclose1 that the claimant company had tin1 opportunity of'obtaining other work of a similar kind or character, and at best claiming damages in this respect would be only problematical and speculative and therefore cannot, be considered by us in determining the matter of an award under the facts as presented. The claimant company’s claim, as filed, is in the amount of $33(50.50, made up of a number of items of the rental value of 1he equipment located at Weston and idle during the said period of the delay or “shutdown” of the project. From the evidence it is apparent, that some of the equipment, for which rental charge is made could, at much less expense than the charge, have been removed to Ihe Clarksburg project, and that in fact some equipment was so moved.
Shortly after the project, in question had been fully completed, and while the matter of damages caused by delay was fresh in the minds of all parties concerned, the claimant, company presented to the road commission an itemized bill or statement in the amount, of $1810.50 as damages caused by the delay or suspension of the work and asking payment, in the said amount. The claimant company now maintains that this state *171 ment did not include the rental value of the equipment used for paving purposes, and that, therefore, the increase, as now claimed, should be allowed. However, the evidence shows (record pp. 52-53) that at the time the work was stopped and the “shutdown” took place, the excavating had not yet been completed, and was not fully completed until the latter part of September of the same year, as shown (record pp. 53-54). Assuming that it would have taken some days to complete the grading after the day when the delay began, and taking into consideration the date when the grading was actually completed, we must arrive at the conclusion that if the work had not been interfered with or delayed, it would still have been the latter part of August or the beginning of September before all grading had been finished and completed, and the project made ready for paving. The delay, therefore, so far as the paving equipment was concerned, did not interfere with any of the claimant company’s other projects, since such equipment could not have been used at Clarksburg, owing to the fact, as shown (record pp. 54-55) that no paving was to be done on the Clarksburg project until the spring of the following year, and the evidence further fails to show any other job or project where such paving equipment could have been used; we feel, therefore, justified in holding that, so far as the paving equipment on the Weston project was concerned, no damages were sustained by the claimant, and no rental value should be allowed therefor.
In consequence of these deductions, we hold that the statement or bill in the amount of one thousand eight hundred ten dollars and fifty cents ($1810.50), submitted by the claimant against the state shortly after the project in question was fully completed, reflects the only damage to which the claimant company is entitled, and we recommend an award accordingly to the Legislature.